DLD-221                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1313
_____

ARTIS C. CARROLL, JR.,
                                            Appellant

v.

JEFFERY D. WRIGHT, IN INDIVIDUAL CAPACITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-19-cv-00238)
District Judge:  Honorable Mark A. Kearney

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 27, 2019
Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: August 29, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Artis C. Carroll, Jr., appeals the District Court's sua sponte dismissal of his action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We will summarily affirm.

On February 16, 2018, Carroll was charged with one count of stalking/intent to cause emotional distress and one count of harassment—communicating repeatedly in another manner. Dkt. #1 at 27. He was arrested and subsequently committed to the Lancaster County Prison to await trial after being unable to post bail. Judge Jeffery D. Wright is currently presiding over Carroll's state criminal proceedings.

With his state court case pending, Carroll filed this action, arguing the Commonwealth did not give him fair notice with regard to the offenses he was charged with—specifically, the names and the descriptions of the offenses.[1] Carroll maintained that (1) the alleged deficiencies deprived Judge Wright of subject matter jurisdiction over the charges, (2) he raised these jurisdictional challenges to Judge Wright, and (3) Judge Wright refused to consider them. Carroll alleged that Judge Wright's refusal to dismiss the charges against him and release him from confinement violated several of his constitutional rights, and he sought $200,000.00 in monetary damages.

The District Court granted Carroll's motion to proceed in forma pauperis (IFP), but sua sponte dismissed the action as legally frivolous pursuant to § 1915(e)(2)(B)(i). The District Court held that Judge Wright acted within his judicial capacity and jurisdiction in declining to consider Carroll's challenges to the sufficiency of the police

---

[1] Carroll asserted, among other things, that the descriptions in the police criminal complaint were insufficient, leaving him to "guess" as to what the name of the charges were. See Compl. at 10–11.

2

criminal complaint and in declining to dismiss all of the charges. Accordingly, the District Court determined that judicial immunity applied and that there was no basis for Carroll's law suit to continue in federal court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal pursuant to § 1915(e)(2)(B)(i) is de novo. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)). Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Carroll's allegation that Judge Wright was acting in absence of any jurisdiction is meritless, and, as a consequence, judicial immunity bars Carroll's claims. Judicial immunity shields a judicial officer who is performing his or her duties from lawsuits and judgments for monetary damages. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). There are two exceptions to judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11–12 (internal citations omitted).

Here, nothing in Carroll's complaint can be read as plausibly alleging that any of Judge Wright's actions fall within either exception. Rather, the District Court correctly noted that Judge Wright's actions were both judicial in nature and under the jurisdiction conferred to judges for the courts of common pleas in Pennsylvania. See 42 Pa. Cons. Stat. § 93l(a). Accordingly, judicial immunity applied. See Mireles, 502 U.S. at 11–12.

3

Furthermore, the District Court did not err in dismissing the complaint without providing Carroll with an opportunity to amend, because amendment would have been futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

We will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. In light of our disposition, Carroll's motion for emergency relief, asking us to take summary action vacating and remanding, is denied.